# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DARRIANA HUMPHREY,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF HENDERSON, et al.,<br><br>Defendants. | Case No. 2:24-cv-00456-GMN-EJY<br><br>ORDER DISMISSING AND CLOSING CASE |

This action began with a *pro se* civil-rights complaint filed under 42 U.S.C. § 1983 by an inmate housed at Henderson Detention Center. On December 20, 2024, the Court screened the First Amended Complaint, dismissing Plaintiff's claims with leave to amend by January 21, 2025. (ECF No. 17 at 11). The Court warned Plaintiff that this action would be subject to dismissal without prejudice if she did not file an amended complaint by that deadline. (*Id.*). But that deadline expired without an amended complaint or other response from Plaintiff.

## I. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires this Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Because this action cannot proceed without Plaintiff filing an amended complaint and litigation cannot progress without Plaintiff's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But repeating an ignored order often only delays the inevitable and squanders the Court's finite resources. There is no indication that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

## II.  CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file an amended complaint in compliance with the Court's December 20, 2024, order, and for failure to state a claim. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If Darriana Humphrey wishes to pursue her claims, she must file a complaint in a <u>new</u> case, and either apply for *in forma pauperis* status or pay the required filing fee for that action.

DATED:  February 12, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE